Carl H. BERNHARDT et al., Appellants,

v.

PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 10620.

Court of Civil Appeals of Texas.

Austin.

Dec. 17, 1958.

Rehearing Denied Jan. 7, 1959.

**152**

Carruth & Gray, Port Arthur, for appellants.

Fuller & Fuller, Port Arthur, for appellee.

ARCHER, Chief Justice.

The Port Arthur Independent School District filed suit against Carl Bernhardt et ux. for the collection of delinquent property taxes. Carl Bernhardt et ux. subsequently filed suit for an injunction against the School District, prohibiting it from assessing their property at a rate alleged to be arbitrary and discriminatory. The causes were consolidated for trial. Trial was before the Court without a jury. It was stipulated that appellants owed the taxes as alleged subject to their defense that same were arbitrary and discriminatory and that the burden of proof of establishing such defense was upon appellant and that his evidence on such defense would also go to his affirmative plea for injunction. After appellant rested, motion was made by appellee for judgment in its favor for the taxes due and against the appellant on the injunction. Such motion was granted by the court and this appeal taken from the judgment accordingly rendered.

■ The appeal is based on one assignment of error as follows:

"The error of the court in granting appellee's motion for judgment at the close of appellant's evidence because appellant's evidence was sufficient to establish a prima facie case in his favor."

Appellant protested on increases in value of his property described as S. 256⅔ feet of N. 758⅓ feet of Lot 4 in Block No. 5, Range F. Port Arthur Land Company, Jefferson County, Texas, and testified before the Board.

It appears to be agreed that the statement of the taxes together with the penalty is correct, conditioned that such have been properly assessed and are not excessive and arbitrarily assessed.

Appellee is in the position of having a bona fide case proved on taxes, and that the appellant go forward with his case.

The appellant, Carl H. Bernhardt, testified as to his ownership of the property and its location, and that he was familiar with the Oom Estate of approximately 5 acres with a width of 325 or 330 feet and a depth of 630 feet.

The witness testified that he was acquainted with the Lee property which had a dimension of 252 by 300 feet and

fronted on Stadium Road, and as to a bunch of 25 or 30 lots east of the Oom Estate, and of other property in the vicinity and that they are similar tracts to his land and detailed the location and usage of all of such tracts.

The witness furnished the Board with data taken from the Tax Rolls pertaining to the value of his property in relation to other similar property, which he testified showed that his property was at a higher percentage of value.

John H. Booth testified that he was a real estate agent and fixed the tax value and market value of the several tracts as follows:

| "Property | Tax Value | Market Value |
|---|---|---|
| "Bernhardt | 14,260 | 19,000 to 20,000 |
| Mulkey | 8,780 | 15,000 to 17,000 |
| Fortescue | 7,440 | 22,000 to 22,500 |
| Oom | 12,950 | 35,000 (land only) |
| Lee | 10,820 | 20,000 to 25,000 (land only) |
| Foster | 14,920 | 7,000 acre for land only |
| Fairhaven lots | 390 | 1,000 to 1,500 |
| Stadium Addition lots | 500 | 1,200 to 1,500 |
| Smith | 13,350 | 19,000 to 20,000 " |

During 1955 appellee purchased the Oom, Lee, Foster and Stadium Addition tracts. Appellee paid $35,000 for the Oom tract, $1,250 for the Stadium Addition lots, $50,000 for the Lee property, and $64,000 for the Foster tract. The owners were allowed to remove the buildings from these tracts. The purchase price of these properties were several times the assessed value. These properties were purchased without condemnation.

Appellant testified that he did not object to the value given the rear portion of his land; that it was probably too low.

There was an extensive hearing had before the court as to the respective values of the several properties. Several witnesses testified that valuation was too high.

Several witnesses testified that valuation for that District was equal on the whole on the several tracts, among these were members of the School Board as well as the business manager and secretary of the Board, who detailed the action of the Board in revaluation of all property, with the help of three real estate men, and made comparison of such values among the several tracts including appellant's tract.

The court allowed the case to be fully developed as to valuations and comparisons and at the conclusion of the trial made the following statement:

"The Court: And, gentlemen, I guess essentially my conclusions in this matter amount to about this:

"That the only truly comparable property demonstrated in this record is the Smith property adjacent to Mr. Carl Bernhardt's home, and with all due weight given to the nature and classification of the construction and location of the other exhibits, even though not comparable, in the sense that I deem the law requires it does not appear to me that there is a wrong demonstrated in this record as to Mr. Bernhardt, that could or should properly be correct by the injunction sought, the inequities which may exist appear to me to be within the classification of casual inequities which should in due course of time be rectified, and

according to the testimony of Mr. Patterson that probably will be rectified as soon as humanly possible in the function of a tax system subject to this,— I might add that all deliberate haste would certainly be in order in regard to all matters such as this so that if any inequities do exist, or such inequities as may exist may be corrected, the application for the injunction will, therefore, be denied, and if I understand the Motion of the School District correctly, I believe it was a Motion for Judgment on the taxes, in accordance with the stipulation, and I feel that that should be granted at.this time.

"You, of course, I will allow you your exception in open court and notice of appeal, which, I am sure, you intend to give."

· We believe that the court properly denied the injunction, and properly granted the motion for judgment.

In the absence of fraud the decision of a Board of Equalization upon a particular assessment is final. As has been stated:

"In the valuation of land for tax purposes, a reasonable discrimination between its true value and the value at which it is assessed for taxes will be permitted to cover the difference in judgment as to the value of the property." 142 Tex. 439, 179 S.W.2d 288.

Port Arthur Independent School District v. Baumer, Tex.Civ.App., 64 S.W.2d 412, er. dism.; Dallas County v. Dallas National Bank, 142 Tex. 439, 179 S.W.2d 288.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.